

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor and Efficiency Expert
Austin, Texas

Dear Mr. Cavness:  Opinion No. 0-4920

Re: Right of office of the present
Board of Directors of Webb
County Conservation and Reclama-
tion District.

You state the following situation for an opinion by
this Department of the questions hereinafter shown:

"In connection with our current audit of the
books and records of the Department of State,
which records include an official register of
State, District, County and Precinct officers,
we have come upon a situation concerning which
it appears necessary to request your official
opinion in order that we may make a proper report.

"This involves the right to office, the right
to enter upon the duties of office and the right
to continue in possession of office, of five regis-
tered directors of the Webb County Conservation and
Reclamation District, a State agency.

"Senate Bill No. 329, as passed at the Regular
Session of the Forty-sixth Legislature, created
this authority of the State, effective April 24th,
1939, and included the following provision:

"'The State Board of Water Engineers
shall designate, subject to approval
by the Governor, the first Board of
Directors. . . .'"

"In the records of the Secretary of State
we have been unable to locate any indica-
tion of 'approval by the Governor' in this
matter. We find that on August 15th, 1939,
the Secretary of State received the follow-
ing letter:

"'August 14, 1939

"'Mr. T. L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:

"We are enclosing the Oaths
of Office of the Directors of the
Webb County Conservation and Recla-
mation District in order that you
may issue Certificates of Commis-
sion to them.

　　　　　　Yours very truly
　(S)　　A.W.McDonald, Secretary,
　　　　　State Board of Water
　　　　　Engineers.'

"On the same date Mr. Beauchamp replied by
letter to the effect that before Commissions
could be issued it would be necessary for each
of the gentlemen named to pay the statutory
$1.00 Commission Fee.

"On August 22nd, 1939, the Secretary of
State received a check for $5.00 from one of
the 'Directors' of the District and Commissions
were issued as follows:

"A.F.Muller,Laredo,Texas. Four year term.
Ruben W.Davies,Laredo,Texas. Four year term.
John J.O'Hern,Laredo,Texas. Two year term.
Teodosia Gutierrez,Jr.,Laredo,Texas. Two year
　　term.
J.C.Netzer, Laredo, Texas. One year term.

"The above mentioned letters and the official
Oaths and Commissions constitute the entire record
of this Board in the files of the Secretary of

State. We shall greatly appreciate your opinion, or answers, on the following questions:

"(1)    Does the fact that the appointments were not approved by the Governor make them of no effect?

"(2)    Does 'approval by the Governor', under provisions such as above, constitute in fact appointment by the Governor to the extent that such appointments would be subject to confirmation by the Senate? (As above inferred, there is no record of Senate confirmation in this case).

"(3)    If the answer to question No. 1 above means that these Directors were not legally qualified, to what extent, if any, would the Commissions issued vest in the persons named the rights to those offices or the rights to enter upon the duties of those offices?

"(4)    If you find this Board of Directors illegally holding office, do you find that any or all contracts to which they may have been a party are binding upon the District, or that any or all of their official acts as such were legal?

"(5)    If you find that these Directors had no rights to or of office were they entitled to any compensation or expenses for the performance of the duties of those offices?

"(6)    If they were not entitled to any or all such sums as may have been paid to them as compensation or expenses, are such sums subject to recovery and if so upon which officer or agency of the State devolves the duty of instituting proceedings to recover?

"(7)    In Section 4 of this Senate Bill it is provided that vacancies on the Board of Directors, by expiration of term, shall be fill-

ed by the Board itself. Is this possibly
'self-perpetuating' power, which appears
to be vested in this Board, in conflict
with any Constitutional or Statutory pro-
visions?

"(8)    Is the provision for four-year terms
of office for two of the five Directors, as
provided in that Section 4, consonant with
Section 30a of Article XVI of the Constitu-
tion?"

The issuance of the commissions to the Board mem-
bers named by you constitutes an approval by the Governor of
the designation made by the State Board of Water Engineers.

There is no precise form of approval by the Govern-
or required by the Act. It merely makes necessary a conscious,
intentional act approving the designation of the members by
the State Board of Water Engineers, and certainly the act of
issuing the commissions to the designated members would be most
cogent, and to our minds, conclusive evidence of the required
approval.

We take your statement, to the effect that the
Secretary of State issued the commissions, to show that the
Secretary of State lawfully attested the commissions previous-
ly signed by the Governor and attached the State's seal there-
to, as he is required to do.

Section 20, of Article IV, of the Constitution, de-
clares:

"All commissions shall be in the name
and by the authority of the State of Texas,
sealed with the State's seal, signed by the
Governor and attested by the Secretary of
State."

Article 3040 of the Revised Civil Statutes pro-
vides:

"The Governor shall commission all of-
ficers except Governor, members of Congress,
electors for President and Vice-President of
the United States, members of the Legislature
and municipal officers."

Moreover, you advise us orally that your statement, that the commissions were issued by the Secretary of State, was based upon the records of the office of Secretary of State, and that you had not seen the original commissions.

We ourselves have not seen any of such commissions, but assuming as we must, that the Secretary of State did his duty, they were signed by the Governor when they were attested by the Secretary of State.

We therefore answer your questions in the order you have stated them, as follows:

(1)   Since the Governor has approved the appointment, as hereinabove shown, such appointments were not ineffective for the want of "approval", but the appointments nevertheless were subject to confirmation by the Senate, as we shall show in the answer to your Question No. 2.

(2)   The members of the Board are State officers, and as such their appointment is required to be confirmed by the Senate, as we hold in Opinion No. O-4364 this day delivered to you.

At the time these appointments were made, August 22, 1939, the Legislature was not in session, so that the matter of senatorial confirmation could only become necessary or of importance upon the convening of the 47th Legislature, at which time the term of one member, Mr. Netzer, had expired. During this period no senate confirmation was possible, and therefore none was required to make the acts of the Board lawful.

(3)   As above indicated, we think the Board of Directors were legally appointed and qualified, with full authority to act until such time as their terms have ended and their authority has lawfully ceased.

Article IV, Section 12, of the Constitution, provides:

"All vacancies in State or district offices, except members of the Legislature, shall be filled unless otherwise provided by law, by appointment of the Governor,

which appointment, if made during its session,
shall be with the advice and consent of two-
thirds of the Senate present. If made during
the recess of the Senate, the said appointee,
or some other person to fill such vacancy,
shall be nominated to the Senate during the
first ten days of its session. If rejected,
said office shall immediately become vacant,
and the Governor shall, without delay, make
further nominations, until a confirmation
takes place. But should there be no confir-
mation during the session of the Senate, the
Governor shall not thereafter appoint any per-
son to fill such vacancy who has been reject-
ed by the Senate; but may appoint some other
person to fill the vacancy until the next
session of the Senate or until the regular
election to said office, should it sooner oc-
cur. Appointments to vacancies in offices
elective by the people shall only continue
until the first general election thereafter."

It will be seen this Section does not purport to
terminate the authority of a recess appointee, except in
the event of a rejection by refusal to confirm. In other
words, Section 17, of Article XVI of the Constitution, de-
claring that "all officers within the State shall continue
to perform the duties of their offices until their success-
or shall be duly qualified", applies to recess appointees,
with the exception above mentioned -- that is, of a reject-
ion of confirmation by the Senate.

This point was before this Department in the mat-
ter of the tenure of Tom King, State Auditor, wherein we
hold:

"Since you were appointed during the re-
cess of the Senate, nominated to the Senate
at its present session, and by that body re-
jected, you have come squarely into that part
of said Section wherein it provides that 'if
rejected, said office shall immediately become
vacant.'" (O-3348)

The decision in Denison v. State, 61 S. W. (2)
1017, writ of error refused, is pertinent; Justice Baugh,
writing the opinion, said:

> "The language 'if rejected said office
> shall immediately become vacant, and the
> Governor shall, without delay make further
> nominations until a confirmation takes
> place,' clearly and by necessary implica-
> tion denies to a nominee whose confirmation
> has been rejected by the Senate, any right
> whatever to occupy the office or to dis-
> charge, after such rejection, any of the
> duties thereof."

It is our opinion, therefore, that the Board mem-
bers under consideration held over under the recess appoint-
ments in virtue of the Constitution above quoted, (Article
XVI, Section 17) until their successors have been or will be
duly appointed and qualified. So that, their official acts
during such tenure are those of lawfully constituted offi-
cers.

(4) Question (4) finds its answer in what we have
said in the last preceding paragraph.

(5) Section 5 of the Act authorizes the selection
by the Board of a Secretary, General Manager and a Treasurer,
who shall have such powers and duties, and shall hold office
for such time, as may be provided in the by-laws. It fur-
ther provides that "the Board shall fix the compensation of
such officers."

This we construe to mean that the Secretary and
Treasurer referred to are officers of the Board as such,
and therefore that members of the Board may be and should
be selected to these positions, and to that extent such
member Secretary and member Treasurer would be entitled to
the compensation fixed by the Board. This conclusion is
not contrary to any public policy whatever, because the
legislative fiat creates public policy, and it could not
be contrary to public policy to do the precise thing ex-
pressly authorized by the Legislature to be done.

But as to the manager, this reasoning will not obtain, because the manager could not perform any function as manager of the Board, but could perform managerial functions with respect to the business or activities of the Board, under the Act, and it was in this sense only that the office of manager is created.

In our Opinion No. O-410 we held that Mr. Jones, a member of the Board of Directors of Texas Technological College, was not eligible for and could not accept the position of President of the institution by election of the Board of which he was a member, although he had tendered his resignation, which, however, had not been accepted. The decision was based upon the public policy that an officer (such as a member of the Board of Directors of the institution) should not be allowed to profit in anywise as by the selection to an office of emolument by the election by the Board of which he was a member. Your question, therefore, should be answered accordingly, that is, the Board member Secretary and the Board member Treasurer should receive such compensation as may have been provided by the Board, but the manager could not receive fees or compensation whatever as such, if he is at the same time a member of the Board.

(6) We do not deem it proper to answer this question, further than to suggest, if your examinations should show what you take to be probably an improper expenditure or use of funds of the district, that you make known such matter, together with the facts in your possession, to this Department, to the end that we may check the matter or matters, and take such steps as in the opinion of this Department are proper and lawful.

(7) We know of no constitutional provision forbidding the provision of Section 4 that vacancies on the Board of Directors by expiration of terms shall be filled by the Board itself. Such procedure, we think, does not violate the principle that the Legislature may not abrogate its power to legislate or delegate to another that power, since an over-all right of control necessarily does continue with the Legislature not only to provide the method of the selection of directors, but to control the agency in any way it thinks proper, and even to abolish it.

506

(8)    Section 4 of the Act provides the tenure of the first directors of the Board to be "one member to serve for one year, two members to serve for two years, and two members to serve for four years." This, in our opinion, is not in violation of Section 30a, of Article XVI, of the Constitution. It will be noted that Section 30a deals specifically with the members of the "Board of Regents of the State University, and the boards of trustees or managers of the educational, eleemosynary, and penal institutions of the State;" but it further declares, "And such boards as have been, or may hereafter be established by law, may hold their respective offices for the term of six years, one-third of the members of such Board to be elected or appointed every two years in such manner as the Legislature may determine." The language, "Such boards as have been or may hereafter be established by law", embraces the Board under consideration, but they constitute maxima and not minima tenures. In other words, Section 30a is to be considered in the nature of an exception to Section 30 prescribing a maximum tenure as to those offices not otherwise fixed by the Constitution.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED DEC. 23, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS